**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL WILLIAMS, #461286,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-0406-N** |
| | § | |
| **RICK THALER, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Div.,** | § | |
| **Respondent.[1]** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of the Case: Petitioner is presently in custody of TDCJ-CID serving a twenty-five year sentence for aggravated robbery entered by the 265th Judicial District of Dallas

---

[1] The previously-named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Nathaniel Quarterman as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d), of the Federal Rules of Civil Procedure, he is "automatically substituted as a party.

County, Texas, in cause numbers F87-78766-JR and F87-78764-JR.

In this habeas action, Petitioner challenges disciplinary case number 20080347924 and the resulting loss of good-time credits.

In response to the court's order to show cause, Respondent filed a motion to dismiss the petition as moot.  He advises that TDCJ overturned disciplinary case number 2008347924, restored Petitioner's lost good-time credit, and returned his line class to S3 status. (Respondent's Mot. to Dismiss at Exh. B).  Petitioner has objected to Respondent's motion to dismiss.

Findings and Conclusions:  The reversal of Petitioner's disciplinary case requires the court to determine whether it continues to have jurisdiction over the instant action.  *See* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' "  *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395, 110 S. Ct. 1202, 1208 (1980).  Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) (quoting *Lewis v. Continental Bank Corp*, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1254 (1990)).  "This means that, through out the litigation, the plaintiff  'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Id.* (quoting *Lewis*, 494 U.S. at 477, 110 S. Ct. at 1253).

The only relief sought in this matter was reversal of the disciplinary case and restoration

of the forfeited good-time credits.  Since the disciplinary case has been overturned and the good-time credits and class status have been restored, Petitioner's basis for habeas relief is moot and the district court lacks jurisdiction to consider his claims.  The court rejects Petitioner's assertion that "he has suffered sufficient 'collateral consequences,'" as a result of his delayed release on mandatory supervision, sufficient to satisfy Article III's case or controversy requirement. (Petitioner's second objection filed Jul. 23, 2009).  Likewise, any challenge to the new disciplinary case (whether on the basis of double jeopardy, res judicata or other grounds) will have to await exhaustion of administrative remedies and the filing of a new federal habeas petition.  Therefore, this petition should be dismissed as moot.

Because the petition is moot, there is no need to consider Petitioner's motions for discovery, for an evidentiary hearing, and for Rule 11 sanction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (Doc. #10) be GRANTED, that the petition be DISMISSED for want of jurisdiction the same being moot, and Petitioner's motions (Doc. #12-13) be DENIED.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 3rd day of September, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner

3

provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.